## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

SAMARIA JONES THOMAS,

      **Plaintiff,**

v.                                   **CASE NO.**

MEGAN J. BRENNAN, in her official
Capacity as POSTMASTER GENERAL,
UNITED STATED POSTAL SERVICE,

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, SAMARIA JONES THOMAS, hereby sues Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and alleges:

## NATURE OF THE ACTION

1.     This is an action brought under 42 U.S.C. §2000e et seq. (Title VII); 42 U.S.C §1981a; and 29 U.S.C. §794 (The Rehabilitation Act). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).  Costs and attorney's fees are also sought under 5 U.S.C. §504 and/or 28 U.S.C. §2412.

2.     Demand is made herein for damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Declaratory, injunctive, legal, and equitable relief

is sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## CONDITIONS PRECEDENT

3.    Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity office within the Defendant.  This action is timely brought thereafter.

## THE PARTIES

4.    At all times pertinent hereto, Plaintiff, SAMARIA JONES THOMAS, has been a resident of the State of Florida and was employed by Defendant.  She is, thus, *sui juris*.  Plaintiff is a member of a protected class because of her race (African American), gender (female), disability, and retaliation (EEO activity).

5.    At all times pertinent hereto, Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE ("USPS"), has been operating and existing under the laws of the United States of America, doing business under the laws of the United States of American and the State of Florida.  At all times alleged, Defendant was Plaintiff's "employer" as the term is used under the applicable laws identified above.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff began her employment with Defendant in December 2012.

7.    Plaintiff was subjected to disparate treatment, different terms and

2

conditions of employment, held to a different standard because of her race, gender, and disability, and was retaliated against after reporting unlawful employment practices and disparate treatment.

8.     The continuous disparate treatment came at the hands of specifically, but not limited to, Managers Chris Cox and Randall "Randy" Merritt, both white males.

9.     On June 6, 2014, while at work, Plaintiff had an emergency and had to leave to work to pick up her child from the hospital.  When she returned to work the next day, Cox terminated Plaintiff, stating she was unreliable and falsely accused her of not showing up to work. Plaintiff filed a grievance regarding her termination, which was overturned, and her job reinstated.  The Defendant offered Plaintiff $800 when she returned to work as compensation for the time she had accrued while working at Defendant.

10.     Thereafter, Plaintiff was working as a City Carrier Assistant ("CCA") at the Marianna Post Office in 2014, when Merritt began targeting Plaintiff for termination by building a case of baseless customer complaints against her.  For instance, on one occasion, a customer reported missing packages along the route. Plaintiff was called in to investigate and blamed for the missed packages although she shared the route with two other people: Cathy (last name unknown), a white female, and Joseph Brown, a white male.

11.     Several days later, while Plaintiff was delivering a certified letter to the same customer, the customer informed Plaintiff that her packages had since been delivered by USPS supervisor, Sherry Reaper, who had personally come out the next day and took the express package out of the wrong box and delivered it to the customer.  Reaper informed the customer that the usual carrier, that is, Plaintiff, was off duty when the package was misdelivered.  Despite knowing the truth, Plaintiff was wrongly accused of misdelivering a package when Cathy, who was responsible for the route on the day in question, made the error.

12.     After noticing a pattern of disparate treatment by Merritt at the Marianna Post Office, Plaintiff filed an EEO complaint against Merritt and began picking up work at nearby post offices in an attempt to transfer. Merritt would only agree to transfer Plaintiff if she dismissed the EEO charge, so she signed off on it in order to escape Merritt's disparate treatment.

13.     On or about August 2015, Plaintiff transferred to the Northside Post Office in Panama City, Florida.  This transfer caused Plaintiff's commute to nearly quadruple, from 16 miles to 78 miles.  However, around September 2015, Merritt followed Plaintiff to the Northside Post Office, where he continued targeting Plaintiff.

14.     While working at the Panama City Post Office, Plaintiff was promoted to City Carrier.

4

15.    On January 29, 2016, supervisor Ed Downs told Plaintiff that he and Deborah Thomas were instructed by upper management to get rid of Plaintiff and he would not be surprised if Merritt was instructed to do the same.  This solidified Plaintiff's concerns about Merritt targeting her.

16.    In March 2016, Plaintiff was treated differently regarding timeliness. Plaintiff called Merritt to inform him that there was a traffic crash on her commute and she may be a little late to work.  When she arrived to work, another carrier, a male, walked in with her.  Plaintiff clocked in at essentially the same time as the male carrier. The next day, Merritt conducted a pre-discipline interview ("PDI") of Plaintiff and reprimanded her for tardiness while the male employee was not disciplined.

17.    In April 2016, Plaintiff requested that Merritt allow others to assist her in that she was in her second trimester of pregnancy and experiencing exhaustion and weakness.  Merritt would not send help each time it was requested, but when he did, he instructed others to only help Plaintiff for fifteen minutes.  Other carriers, *i.e.*, Jason Smith (white male), Joseph Brown (white male), and Kayla (last name unknown) (non-pregnant white female), were always provided with unlimited help each time they requested it.

18.    On May 5, 2016, Plaintiff was called into Merritt's office for an official discussion about customer complaints.  Present with Merritt and Plaintiff were

5

Union Representative Barbara Sizemore and Brent Dennis, a supervisor.  Merritt alleged that every day since August 2015, customers reported Plaintiff for being rude, disrespectful, deceiving, telling them things she shouldn't, and putting them in fear.  During the meeting, whenever Plaintiff tried to defend herself, Merritt told her that if she said one more thing she would be written up for insubordination.  Merritt's attack on Plaintiff continued and Plaintiff suffered an acute anxiety attack.  Plaintiff filled out a leave slip and reported to her doctor's office, who excused her from work through May 7, 2016.

19.    Male carriers, specifically but not limited to, Pete (last name unknown), Dennis (last name unknown), JoJo (last name unknown), and Eric (last name unknown), also had customer complaints lodged against them.  Conversely though, each of these men were treated more favorably than Plaintiff in that they were not subjected to official discussions during which they were demeaned or threatened.

20.    The day following the meeting, May 6, 2016, Plaintiff returned to the Post Office to meet with John Rottenberger, National Association of Letter Carriers ("NALC") steward, to file a grievance against Merritt and complete her medical leave paperwork.   When Plaintiff attempted to complete her medical leave documents with Lisa G. (full last name unknown), Merritt demanded that Plaintiff leave or he would call the police.

21.    Shortly thereafter, Plaintiff reported to her doctors that due to the work

environment and stress caused by Merritt, she was not sleeping or eating well, and feared the effects on her child. Plaintiff was diagnosed with two additional serious medical conditions. Plaintiff's doctors were concerned about her health and potential miscarriage, and recommended that she not return to work until after her child was born.

22.     While out on leave, Plaintiff filed for worker's compensation for the mental anguish caused by Merritt. Before a final decision was made on her claim, Merritt purposefully stopped submitting Plaintiff's paperwork, thus halting her continuation of pay ("COP").

23.     On June 21, 2016, Plaintiff filed an EEO complaint regarding supervisors being directed to terminate Plaintiff, Merritt's lack of meaningful assistance, the meeting wherein Merritt reprimanded her, and for Merritt halting her COP.

24.     In early August, 2016, Plaintiff received a letter from Defendant dated July 30, 2016, requesting documentation from Plaintiff's doctors as to why she was not at work, which she provided.

25.     After the birth of her child, Plaintiff returned to work on September 10, 2016 and approximately two weeks later transferred to the Sherman Avenue Post Office in Callaway, Florida to get away from Merritt. This added even more time to her commute and time away from her family and newborn child.

7

26.    On October 12, 2016, Plaintiff was issued a 14-day suspension by supervisor Maria Mack for failure to follow instructions/improper conduct for the incident on May 5th, and unauthorized absence on May 9th.  It is with information and belief that Mack was instructed by Merritt to execute the suspension against Plaintiff since Mack had no personal knowledge of the incidents.   Merritt's instructions to discipline Plaintiff were acts of ongoing discrimination and were in retaliation for Plaintiff filing EEO complaints.

27.    Plaintiff then filed an EEO grievance for her suspension as it was issued against the Defendant's policy of being levied within 14-days. While the Union assured her it would be dismissed, Art Ness, President of the Union's local chapter, cut a deal with Defendant and agreed to a 7-day suspension.

28.    On November 29, 2016, Plaintiff received a letter from the Dothan, Alabama Post Office that she was being considered for a position there.

29.    It is upon information and belief that Merritt contacted the Dothan Post Office and told the manager to not hire Plaintiff as another act of discrimination and retaliation. Defendant also sent paperwork reflecting the former and now erroneous 14-day suspension, in an attempt to deny her the position.

30.    Eventually, in April 2017, Plaintiff's transfer to Dothan went through and Plaintiff maintains her position there as of the date of filing.

31.    This disparate treatment has caused Plaintiff pain and suffering and

severely limited her ability to bond with and enjoy her young children over the years as much of her time is spent commuting several hours a day. The emotional distress and mental anguish impact her daily. Furthermore, Plaintiff has been forced to expend extra funds for additional gas to commute to work and additional wear and tear on her vehicle, among other damages.

32.     Although Plaintiff gave Defendant multiple opportunities to address the discrimination and disparate treatment, Defendant neglected to take corrective action.

33.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

<u>COUNT I</u>
**GENDER BASED DISCRIMINATION**

34.     Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35.     This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e <u>et seq.</u>.

36.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated

employees of Defendant who are male and has been subject to poor treatment on the basis, at least in part, of Plaintiff's gender.

37.     Defendant is liable for the differential treatment Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

38.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

39.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

40.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

41.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to adverse action against Plaintiff.

42.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq.

43.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## RACE DISCRIMINATION

44.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

45.     This is an action against Defendant for discrimination based upon race.

46.     Plaintiff has been the victim of discrimination on the basis of her race in that Plaintiff was treated differently than similarly situated employees of Defendant who are not white and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

47.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

48.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

49.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

50.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to adverse action against Plaintiff.

51.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

52.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and

future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT III
## DISABILITY DISCRIMINATION

53.     Paragraphs 1 through 33 are incorporated herein by reference.

54.     This count sets forth a claim against Defendant for discrimination based on handicap/disability, Defendant's perception of Plaintiff as disabled and/or Plaintiff's record of having an impairment.

55.     Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicapped/disability targeted Plaintiff.  Defendant took against Plaintiff because of her disabling condition, i.e., pregnancy, by way of example but not limitation, she had limitations in her ability to life heavy objects, walk, stand, squat, and bend, and/or Defendant's perception of Plaintiff as being disabled.  Alternatively, Defendant perceived Plaintiff to be disabled and took action against her as a result thereof and/or failed to reasonably accommodate her.

56.     There is no legitimate reason that has been presented, nor can there be any legitimate reason, for the adverse treatment of Plaintiff.

57.    Defendant harbored ill-motives and intent to cause disparate and discriminatory treatment of Plaintiff.

58.    Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant.  The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

59.    Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff.  In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

60.    As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury.  Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages.  These damages have occurred in the past, are occurring at present and will continue in the future.  Plaintiff is entitled to injunctive/equitable relief.

## <u>COUNT IV</u>
## PREGNANCY DISCRIMINATION

61.     Paragraphs 1 through 33 are incorporated herein by reference.

62.     This count sets forth a claim against Defendant for discrimination based

on pregnancy.

63.     Defendant, through its agents, apparent agents, and employees, because

of Plaintiff's pregnancy targeted her.  Defendant took against Plaintiff because of

her pregnancy.

64.     There is no legitimate reason that has been presented, nor can there be

any legitimate reason, for the adverse treatment of Plaintiff.

65.     Defendant harbored ill-motives and intent to cause disparate and

discriminatory treatment of Plaintiff.

66.     Defendant knew or should have known of these conditions as they were

open and notorious and well known to Defendant.  The adverse treatment of Plaintiff,

together with the facts set forth above, were brought to the attention of Defendant

and Defendant perpetuated this treatment by condoning the actions and inactions

affecting Plaintiff.

67.     Defendant is responsible for the violations of Plaintiff's rights as set

forth herein because it exercised control over the adverse treatment of Plaintiff.  In

the alternative, Defendant failed to properly supervise its employees thereby causing

foreseeable harm to Plaintiff's rights set forth herein.

68.    As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury.  Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages.  These damages have occurred in the past, are occurring at present and will continue in the future.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT V
## RETALIATION

69.    Paragraphs 1 through 33 are realleged and incorporated herein by reference.

70.    Defendant is an employer as that term is used under the applicable statutes referenced above.

71.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq. and other statutory provisions cited herein.

72.    The foregoing unlawful actions by Defendant were purposeful.

73.    Plaintiff voiced opposition to unlawful employment practices during

Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

74.    Plaintiff is a member of a protected class because of her race, and because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

75.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c)    enter judgment against Defendant and for Plaintiff awarding damages

to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding costs;

(f)    award Plaintiff interest; and

(g)   grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 9th day of December 2019.

Respectfully submitted,

s/  Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF